IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS PILGRIM, | : Civil No. 3:25-CV-1552 |
| Plaintiff, | : |
| v. | : (Judge Mehalchick) |
| JAMES PETRUCCI, et al., | : (Chief Magistrate Judge Bloom) |
| Defendants. | : |

REPORT AND RECOMMENDATION

I. Introduction

This case comes before us for a screening review of the *pro se* civil complaint.[1] The plaintiff, Marcus Pilgrim, is incarcerated in the State Correctional Institution in Dallas, Pennsylvania. Pilgrim filed this civil rights action against Officers James Petrucci and Kevin Sweeney, Detective Joe Gianacopolus, and Lackawanna County District Attorney Andrew Krowiak. The complaint asserts that on August 20, 2024, Pilgrim was stopped by defendants Petrucci, Sweeney, and Gianacopulus, which led to a search of Pilgrim's person and his subsequent arrest.[2] He alleges that this stop and search violated his

---

[1] Doc. 1.

[2] *Id.* at 3–4.

rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.[3] As relief, Pilgrim requests compensatory damages of six million dollars.[4] A review of the state court docket in Pilgrim's underlying criminal case indicates that Pilgrim pleaded guilty to manufacturing, delivering, or possession with intent to manufacture or deliver a controlled substance in February of 2025.[5]

Along with the complaint, Pilgrim filed a motion for leave to proceed *in forma pauperis* ("IFP").[6] After consideration, we will grant Pilgrim's motion to proceed IFP, and after a screening review, we recommend that this complaint be served on defendants Petrucci, Sweeney, and Gianacopolus as to the Fourth Amendment claim but that the remaining claims be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma*

---

[3] *Id.* at 5.

[4] Doc. 1, Ex. 1 at 2.

[5] *Commonwealth v. Pilgrim*, CP-35-CR-2360-2024.

[6] Doc. 6.

*pauperis*.[7] We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[8] This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[9]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[10] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true[11] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[12] However, a court is not required to accept legal

---

[7] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] *Id.*

[9] Fed. R. Civ. P. 12(b)(6).

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

conclusions or "a formulaic recitation of the elements of a cause of action."[13]

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[14]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public

---

[13] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

[14] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

record.[15] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[16] Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[17] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[18]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[19] We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[20]

---

[15] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[16] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[17] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[18] *Jordan*, 20 F.3d at 1261.

[19] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

[20] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

## B. This Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Defendant Krowiak.

At the outset, the complaint appears to assert claims against Lackawanna County District Attorney Andrew Krowiak arising out of an August 2024 search. However, there is no indication that Krowiak was involved in the search. It is well settled that liability under § 1983 requires a plaintiff to show that the defendant had personal involvement in the alleged constitutional violation.[21] Personal involvement may be shown through allegations regarding the defendant's own conduct, or that the defendant had knowledge of the unconstitutional conduct and acquiesced in the behavior.[22] Here, the complaint fails to assert any allegations that Krowiak was involved in the August 2024 stop and subsequent search. Accordingly, we cannot conclude that this defendant was personally involved, and any constitutional claims against him should be dismissed.

---

[21] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988).

[22] *Id.*

### C. This Complaint Adequately States a Fourth Amendment Claim Against the Remaining Defendants.

As to Pilgrim's allegations against the remaining defendants, we conclude that he has adequately pleaded a claim of an illegal search in violation of the Fourth Amendment.

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures.[23] To state a Fourth Amendment claim, a plaintiff must plead facts to show that "the defendants' actions (1) constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment, and (2) were 'unreasonable' in light of the surrounding circumstances."[24] It is well established that a search incident to a lawful arrest is permissible under the Fourth Amendment.[25] However, strip and body cavity searches impose a "significant intrusion on an individual's privacy."[26] In assessing the reasonableness of a strip or body cavity search, "[c]ourts must consider the scope of the particular

---

[23] U.S. Const. amend. IV; *Brower v. Cnty. of Inyo*, 489 U.S. 593, 595 (1989).

[24] *Open Inns, Ld. V. Chester Cnty. Sheriff's Dep't*, 24 F. Supp. 2d 410, 424 (E.D. Pa. 1998) (citations omitted).

[25] *United States v. Robinson*, 414 U.S. 218, 235 (1973).

[26] *United States v. Whitted*, 541 F.3d 480, 486 (3d Cir. 2008).

intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."[27]  A strip search conducted in public that fails these four considerations "would necessarily be unreasonable."[28]

Here, the complaint alleges that defendants Petrucci, Sweeney, and Gianacopolus approached Pilgrim on the street in a residential neighborhood, claiming that Pilgrim was being detained for a felony. Pilgrim alleges he was then placed in handcuffs and that defendants Sweeney and Gianacopolus pointed their firearms at him while defendant Petrucci pulled his pants down and conducted a body cavity strip search of his person in public view.  The complaint further asserts that the search yielded no evidence and that it was not until after the search that Pilgrim was transported to the police station.  Thus, liberally construed and accepting the plaintiff's allegations as true, we conclude that Pilgrim has pleaded facts from which we can infer that his Fourth

---

[27] *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *see also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 621 F.3d 296, 303 (3d Cir. 2010), *aff'd*, 566 U.S. 318 (2012).

[28] *Burke v. Twp. of Cheltenham*, 742 F. Supp. 2d 660, 678 (E.D. Pa. 2010).

Amendment right to be free from unreasonable searches and seizures was violated by the remaining defendants.

### D. This Remainder of Pilgrim's Claims Fail as a Matter of Law.

While we have concluded that Pilgrim's Fourth Amendment claim against defendants Petrucci, Sweeney, and Gianacopolus survives, the remaining claims asserted in the complaint fail as a matter of law.

Pilgrim also seemingly asserts that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated. However, rather than alleging facts sufficient to support each of these claims, Pilgrim's claims arise out of the alleged Fourth Amendment violation. To the extent Pilgrim asserts a violation under the Fifth Amendment, such a claim fails because his action is brought against state, rather than federal officials.[29] As to Pilgrim's Sixth Amendment claim, the factual allegations provided do not describe when or where such alleged constitutional violation occurred. Moreover, Pilgrim's Eighth Amendment claim alleging cruel and unusual punishment also fails because the conduct complained of

---

[29] *See Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (explaining that "[t]he limitations of the fifth amendment restrict only federal governmental action).

occurred during his arrest.[30] Lastly, Pilgrim's Fourteenth Amendment claim is barred by the more-specific-provision rule and should be dismissed.[31]

However, while we have concluded that several claims in Pilgrim's complaint fail as a matter of law, recognizing that the plaintiff is *pro se*, we recommend that these claims be dismissed without prejudice to afford Pilgrim an opportunity to amend his complaint to endeavor to state a claim upon which relief may be granted.[32]

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED for all claims as to Defendant Krowiak, as well as his claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments, but that these claims be dismissed without

---

[30] *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) ("[T]he Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'" (quoting *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989)).

[31] *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

[32] *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

10

prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order. IT IS FURTHER RECOMMENDED THAT the complaint should be served on Defendants Petrucci, Sweeney, and Gianacopolus as to the Fourth Amendment claim against them.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge

may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of December 2025.

<i>s/ Daryl F. Bloom</i>
Daryl F. Bloom
Chief United States Magistrate Judge